IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Craigville Telephone Co. d/b/a AdamsWells
2351 N. Main Street
Craigville, IN 46731

and

Consolidated Telephone Company d/b/a CTC
1102 Madison St.
Brainerd, MN 56401

Individually and on behalf of a class of
similarly situated companies,

  Petitioners,

  v.

Wilkinson Barker Knauer LLP
1800 M. St., NW
Washington, DC 20036

  Serve:
  Ray L. Gifford, Registered Agent
  2138 32nd Ave., Suite 300
  Denver, CO 80211

  *Respondent*.

Case: 1:21–mc–00101
Assigned To : Moss, Randolph D.
Assign. Date : 7/14/2021
Description: Misc.

Miscellaneous Case No. _____

**MOTION TO COMPEL COMPLIANCE WITH SUBPOENA
TO NON-PARTY WILKINSON, BARKER, KNAUER LLP**

  Petitioners/Plaintiffs Craigville Telephone Co. d/b/a AdamsWells and Consolidated Telephone Company d/b/a CTC ("Plaintiffs"), pursuant to Fed. R. Civ. P. 45(d), respectfully move the Court for an order compelling Respondent Wilkinson Barker Knauer LLP ("WBK"), to comply with a document subpoena served on June 7, 2021. WBK was counsel to T-Mobile USA, Inc. ("T-Mobile") in the investigation by the Federal Communications Commission ("FCC") that resulted in the Consent Decree upon which the underlying lawsuit against T-Mobile is predicated.

Pursuant to Fed. R. Civ. P. 45(f), the parties consent to transferring this Motion to the U.S. District Court for the Northern District of Illinois ("NDIL"), where the underlying lawsuit, Civil No. 1:19-cv-07190, is pending before the Hon. John Z. Lee and the Hon. Jeffrey T. Gilbert for supervision of discovery.

Rule 45(f) authorizes the transfer of subpoena-related motions to the issuing court if the "person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f); *Duck v. SEC*, 317 F.R.D. 321, 323–24 (D.D.C. 2016). In determining whether "exceptional circumstances" exist, courts consider the "complexity, procedural posture, duration of pendency, and the nature of the issues pending before, or already resolved by, the issuing court in the underlying litigation." *Judicial Watch, Inc. v. Valle Del Sol, Inc.*, 307 F.R.D. 30, 34 (D.D.C. 2014); *Wultz v. Bank of China, Ltd.*, 304 F.R.D. 38, 45-47 (D.D.C. 2014) (finding exceptional circumstances due to the "highly complex and intricate nature of the underlying litigation"); *In re UBS Fin. Servs., Inc. of Puerto Rico Sec. Litig.*, 113 F. Supp. 3d 286, 288 (D.D.C. 2015) (finding exceptional circumstances where the issuing court "ha[d] issued a multitude of orders resolving significant procedural and discovery disputes during that time"). Courts also consider the "potential for inconsistent or conflicting rulings concerning the discoverability of the documents in the possession of the [subpoenaed non-party], thereby disrupting the issuing court's management of the underlying litigation." *Duck*, 317 F.R.D. at 325 (internal quotations and citation omitted).

The Court should transfer this Motion to the NDIL because WBK consents and exceptional circumstances exist. This case involves a complex class action relating to a technologically sophisticated scheme that Plaintiffs allege was designed to mask a massive fraud that likely impacted billions of calls to rural America in violation of FCC rules and the Communications Act

of 1934. And, as explained in Plaintiffs' Memorandum in Support of their Motion, WBK has invoked T-Mobile's dispute over the scope of permissible discovery, which is awaiting decision by the NDIL, as grounds for not complying with the Subpoena. Therefore, it will be more efficient to have this matter decided by the NDIL, as well.

| | |
|---|---|
| Dated: July 14, 2021 | Respectfully submitted, |
| | By: */s/ Cathy A. Hinger* |
| | Cathy A. Hinger (DC Bar No. 473697)<br>Victoria A. Bruno (DC Bar No. 484197)<br>Kathleen O. Gallagher (DC Bar No. 1006302)<br>**WOMBLE BOND DICKINSON (US) LLP**<br>1200 19th Street, NW, Suite 500<br>Washington, DC 20036<br>Tel.: 202-857-4489<br>Fax: 202-261-0029<br>Email: cathy.hinger@wbd-us.com<br>Email: victoria.bruno@wbd-us.com<br>Email: katie.gallagher@wbd-us.com |
| | *Counsel for Petitioners* |

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7(m)**

I, Cathy A. Hinger, counsel for Petitioners/Plaintiffs ("Plaintiffs"), in accordance with Local Rule 7(m), hereby certify that Plaintiffs made good faith efforts to resolve the discovery dispute with Respondent prior to filing this Motion. Plaintiffs held a telephonic meet and confer with Respondent and counsel for Defendant T-Mobile USA, Inc. ("T-Mobile) on June 28, 2021 where the matters at issue in this Motion were thoroughly discussed. Plaintiffs sent a follow-up letter dated July 6, 2021 to Respondent, advising Respondent of further grounds for Plaintiffs' belief that Respondent's objections, to the extent they rely on T-Mobile's scope of discovery objection pending in the Northern District of Illinois ("NDIL"), were not supported by T-Mobile's briefing on this issue in the NDIL. On July 7, 2021, Respondent replied with a letter declining to change its position and continuing to refuse to produce any of its responsive documents. Copies of these communications are attached to Plaintiffs' Memorandum in Support of their Motion.

*/s/ Cathy A. Hinger*

Cathy A. Hinger (DC Bar No. 473697)
Victoria A. Bruno (DC Bar No. 484197)
Kathleen O. Gallagher (DC Bar No. 1006302)
**WOMBLE BOND DICKINSON (US) LLP**
1200 19th Street, NW, Suite 500
Washington, DC 20036
Tel.: 202-857-4489
Fax: 202-261-0029
Email: cathy.hinger@wbd-us.com
Email: victoria.bruno@wbd-us.com
Email: katie.gallagher@wbd-us.com

*Counsel for Petitioners*